UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>(1) PRIME PLATING, INC.,<br>(2) SCOTT BENJAMIN HANSON, and<br>(4) ARLYN E. HANSON,<br><br>Defendants. | Criminal No. 04-208 (JRT/FLN)<br><br><br><br>**ORDER DENYING MOTIONS FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL** |

William H. Koch, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN, 55415, for plaintiff.

Matthew D. Forsgren, **BRIGGS AND MORGAN, P.A.**, 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN, 55402, for defendants Scott Hanson and Prime Plating, Inc.

Douglas H.R. Olson, **RIDER BENNETT, LLP**, 33 South Sixth Street, Suite 4900, Minneapolis, MN, 55402, for defendant Arlyn Hanson.

Defendant Scott Hanson was convicted after a jury trial of one count of conspiracy to violate the Clean Water Act, eight counts of violation of the Clean Water Act, and two counts of failure to make required notifications. Defendant Prime Plating, Inc. was convicted of one count of conspiracy to violate the Clean Water Act, eight counts of violation of the Clean Water Act, one count of illegal introduction of pollutants into a sewer system, and two counts of failure to make required notifications. Defendant Arlyn

Hanson was convicted of eight counts of violation of the Clean Water Act. Defendants move for a judgment of acquittal or, in the alternative, for a new trial arguing that there was insufficient evidence to support the verdict, that the law underlying the failure to notify counts is unconstitutionally vague and impermissibly requires violation of the Fifth Amendment privilege against self-incrimination, that the defendants' trial should have been severed from that of a fourth co-defendant, and that evidence was admitted in violation of Federal Rule of Evidence 404(b).[1] For the reasons discussed below, the motions are denied.

## ANALYSIS

**I.    JUDGMENT OF ACQUITTAL**

**A.    Insufficient Evidence**

Rule 29(a) of the Federal Rules of Criminal Procedure permits the Court to enter a judgment of acquittal if the evidence is insufficient to sustain the conviction. Fed. R. Crim. P. 29(a). However, the standard for determining whether evidence is insufficient is very strict, requiring that there be "no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." *United States v. Gomez*, 165 F.3d 650, 654 (8th Cir. 1999); United *States v. Hood*, 51 F.3d 128, 129 (8th Cir. 1999) (stating that "[j]ury verdicts are not lightly overturned"). In other words "[t]he jury's verdict must be upheld if there is an interpretation of the evidence that would allow

---

[1] Scott Hanson owned Prime Plating, Inc. and the two were jointly represented at trial. Accordingly, Prime Plating's motions track those of Scott Hanson, and the Court's analysis of Scott Hanson's motions is also determinative of Prime Plating's motions.

a reasonable jury to find the defendant guilty beyond a reasonable doubt." *United States v. Moore*, 108 F.3d 878, 881 (8th Cir. 1997). In evaluating the evidence, the Court looks at the evidence "in the light most favorable to the verdict, and accept[s] as established all reasonable inferences supporting the verdict." *United States v. Cruz*, 285 F.3d 692, 697 (8th Cir. 2002) (internal quotation marks omitted).

Defendants do not dispute that the government offered evidence that industrial wastewater containing impermissibly high levels of zinc and chromium and with an unacceptable pH was discharged from Prime Plating to the sanitary sewer between June 23 and July 2, 2003, as charged in the indictment. They argue, however, that there was insufficient evidence to sustain the guilty verdicts against them because there was inadequate evidence of their knowing participation in the illegal discharges. The Court disagrees.

The government presented evidence that Scott and Arlyn both maintained offices at Prime Plating, were involved in the day-to-day operation of the business, and should have been or were aware of the illegal discharges. This evidence included the testimony of Terry Bergeron, who stated that "whoever was there at the time, whether it be Scott, [Arlyn], Sam, or Jimmy" directed him to pump acid and wastewater directly into the sewer on multiple occasions. Later in his testimony, Bergeron confirmed that the foreman, James (Jimmy) Meissner, "would go into the office and he would consult Scott or [Arlyn]" and then direct Bergeron to pump out the acid. Additionally, Bergeron testified that Scott and Arlyn both participated in a meeting with him the morning after he

was fired during which Bergeron's calls to the authorities reporting Prime Plating's illegal discharges were discussed.

Meissner testified that he and Arlyn bypassed the nonfunctioning pretreatment system by putting hoses down the drains. Meissner also stated that Arlyn was at Prime Plating on a nearly daily basis. Additionally, Arlyn was responsible for setting up the treatment system that had been moved from his earlier plating shop to Prime Plating, and knew that it needed to be, but was not, operational.

Furthermore, multiple witnesses testified that Prime Plating operated for an extended period of time without a functional pretreatment system, and that the business could only have remained in compliance if it had substantial storage capacity for the untreated waste or an off-site treatment contract – neither of which Prime Plating had and both of which Scott and Arlyn would necessarily have known. Finally, evidence was presented that setting up Prime Plating took longer than was expected, leaving the business and Scott and Arlyn with little income, and that a decision was therefore made to operate the business before assembly of the pretreatment system was complete.

This evidence, if credited by the jury, provided sufficient basis to convict Scott and Prime Plating of conspiracy to violate the Clean Water Act and to convict Scott, Prime Plating, and Arlyn of violations of the Clean Water Act as charged in the indictment.

### B. Unconstitutional Vagueness

Counts 11 and 12 of the indictment charged Scott with violation of the terms of Prime Plating's permit by failing to notify the Metropolitan Council of changes that

would significantly affect the volume or characteristics of the wastewater discharged and failing to notify the Minnesota State Duty Officer of any significant accidental discharge, spill, or bypass of the pretreatment equipment.  (Redacted Indictment; Government Exhibit 3, MCES Industrial Discharge Permit No. 1300, General Permit Conditions.) Scott argues that the terms "significantly affect" and "significant" are not adequately described in the pertinent regulations and render the law unconstitutionally vague.

A criminal statute may be unconstitutionally vague if it fails to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits and authorizes or encourages arbitrary and discriminatory enforcement.  *Chicago v. Morales*, 527 U.S. 41, 56 (1999).  However, a defendant may not challenge the vagueness of a statute that is unquestionably applicable to his particular conduct.  *Young v. American Mini Theatres, Inc.*, 427 U.S. 50, 58-59 (1976); *Parker v. Levy*, 417 U.S. 733, 756 (1974) (noting that regardless of how strict a test of vagueness is applied in judging a particular criminal statute, a defendant who has received fair warning of the criminality of his own conduct may not challenge the vagueness of the statute); *see also ILQ Investments Inc. v. City of Rochester*, 25 F.3d 1413, 1418-19 (8th Cir. 1994) (finding zoning laws that used the language "substantial or significant portion" unlikely to be found void for vagueness).

The permit at issue required Prime Plating to notify Metropolitan Council Environmental Services of "changes, such as . . . modification of wastewater pretreatment equipment, or . . . any other operational change that would significantly affect the volume or characteristics of the wastewater discharged," and of "any significant accidental discharge, spill, or bypass."  *See* Government Exhibit 3, MCES Industrial Discharge

Permit No. 1300, General Permit Conditions. As noted above, the evidence presented at trial indicated that Prime Plating's treatment system was inoperable and wastewater containing many times the permissible levels of zinc and chromium was discharged directly into the sewer. It is clear to the Court, and it should have been clear to an experienced participant in the industry like Scott, that bypassing the approved treatment method and discharging untreated wastewater directly into the sewer constituted a violation of the terms of the permit. Scott, therefore, is not entitled to challenge the permit requirements as void for vagueness.

### C. Self Incrimination

Scott also argues that the convictions on Counts 11 and 12 violate his Fifth Amendment privilege against self-incrimination. In this case, the terms of the permit require the permittee to self-report certain actions. The CWA makes it a crime to violate the terms of an approved permit. The self-reporting requirement contained in the permit does not violate the privilege against self-incrimination merely because the requirement may overlap with a criminal provision of the CWA. *See Doe v. Miller*, 405 F.3d 700, 716 (8th Cir. 2004) (stating that a law requiring sex-offenders to disclose their address to the state, even if the address was within a prohibited zone, did not violate the Fifth Amendment's protection against self-incrimination).

## II. NEW TRIAL

Federal Rule of Criminal Procedure 33 permits the Court to grant a new trial "if the interests of justice so require." Fed. R. Crim. P. 33. The Court has "broad discretion

in ruling upon a motion for new trial," *United States v. Bennett*, 956 F.2d 1476, 1481 (8th Cir. 1992), which should be used only "sparingly and with caution," *United States v. Dodd*, 391 F.3d 930, 934 (8th Cir. 2004).

### A.   Severance

Scott, Prime Plating, and Arlyn assert that they should be granted a new trial because they were unfairly prejudiced by the Court's refusal to sever their trials from that of a co-defendant, Sam Opare-Addo. In an Order dated November 24, 2004, the Court addressed this question in detail. The Court determined that certain of Opare-Addo's statements to federal agents should be suppressed, but that severance was not required because Opare-Addo's defense and the other defendants' defenses were not mutually exclusive, the case was not overly complicated, and the Court would carefully instruct the jury as to the charges and the evidence available against each defendant. *See United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004) ("The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions); *United States v. Flores*, 362 F.3d 1030, 1040 (8th Cir. 2004) (stating that mutually antagonistic defenses sufficient to warrant severance "exist when the jury must disbelieve the core of one defense in order to believe the core of the other"); *United States v. Abfalter*, 340 F.3d 646, 652 (8th Cir. 2003) ("The mere existence of generally antagonistic defenses . . . does not necessitate a severance").

The facts and charges in this case permitted none, one, some, or all of the defendants to be found guilty. During trial, Scott, Prime Plating, and Arlyn, all asserted that Opare-Addo and Meissner were responsible for the violations, while Opare-Addo

asserted that Scott and Arlyn were at fault. These defenses did not require the jury to disbelieve one in order to believe the other. The jury was carefully instructed on each of the charges and on the evidence. The jury returned separate verdicts against each of the defendants, convicting on some charges while acquitting on others. The jury thus demonstrated its ability to distinguish between the defendants, the charges brought against the defendants, and the evidence pertaining to the particular charges and defendants. The Court, therefore, concludes, as it did prior to trial, that severance was not required, there was no real prejudice, and a new trial is not required.

### B. Rule 404(b)

Scott argues that a new trial is required because evidence that Scott Hanson supplied marijuana to Meissner was introduced at trial in violation of Federal Rule of Evidence 404(b). Assuming *arguendo* that the admission of unexpected witness testimony of occasional, small marijuana sales by the defendant violated Rule 404(b), such evidence does not meet the high burden required for a new trial. Initially, the Court finds that evidence that Scott on occasion sold or provided small amounts of marijuana to one of the Prime Plating employees, who is also his cousin, is not likely to result in prejudice in a case involving industrial environmental regulations. Furthermore, contrary to the defendant's suggestions, the government presented concrete evidence of each element of the charges, including Scott Hanson's participation in the violations. Finally, the jury was given a limiting instruction with respect to this evidence. Therefore the Court finds that this evidence did not "tend to support a decision on an improper basis," a miscarriage of justice has not occurred, and a new trial is not warranted. *United States v.*

*Payne*, 119 F.3d 637, 645 (8th Cir. 1997); *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) ("Unless the district court ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand").

## ORDER

Based on the foregoing, and all of the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Scott Benjamin Hanson's Motion for Acquittal and Motion for a New Trial [Docket Nos. 201 and 202] are **DENIED**;

2. Defendant Prime Plating, Inc.'s Motion for Acquittal and Motion for a New Trial [Docket Nos. 204 and 205] are **DENIED**; and

3. Defendant Arlyn E. Hanson's Motion for Acquittal or a New Trial [Docket No. 207] is **DENIED**.

DATED:   August 3, 2005               s/ John R. Tunheim
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                       United States District Judge